# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 97-30640
Summary Calendar

DOROTHY GILLIS,

Plaintiff-Appellant,

VERSUS

TURNER INDUSTRIES, LTD., INTERNATIONAL MAINTENANCE CORPORATION,
INC., ERNIE GUITREAU,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
96-CV-3555)
February 4, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

International Maintenance Corporation ("IMC") hired Dorothy Gillis, plaintiff-appellant, as a fuel truck driver in April 1993. IMC classified Gillis as a "clerical" employee. Gillis argued that this classification was incorrect given the true nature of her job and prevented her from enjoying the pay and benefits given to male employees classified as "laborers." On October 31, 1996, Gillis filed suit against defendants.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

She alleged violations of the Equal Pay Act, 29 U.S.C. §206(d), Lousiana's anti-discrimination statute,  LSA-R.S. 23: 1006, a hostile work environment claim, and an intentional infliction of emotional distress claim.  The district court granted defendants' motion for summary judgment with respect to each of Gillis's claims.

Gillis only appeals the district court's decision as to the claims alleged pursuant to the Equal Pay Act and Louisiana's anti discrimination statute.   With respect to the Equal Pay Act claim, the district court determined summary judgment was proper as Gillis did not submit any evidence that she had been treated differently on the basis of gender than any other similarly situated employee of the opposite sex.   Accordingly, Gillis did not establish a prima facie case under the Equal Pay Act.   Chance v. Rice Univ., 984 F.2d 151, 153 (5th Cir. 1993).

The district court granted the defendants summary judgment with respect to Gillis's claim under LSA-R.S. 23:1006 as Gillis did not present any competent evidence raising a genuine issue of material fact as to whether she had been intentionally classified as "clerical" because of her gender.

We have carefully reviewed the briefs, the record excerpts and the relevant portions of the record itself.  As we find no reversible error, we affirm for essentially the same reasons stated by the district court in its Order of June 4, 1997.   AFFIRMED.